**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EMANUELU TAVITA TUNOA,

        Plaintiff-Appellant,

  v.

ARMONDO PEREZ, Jr., Correctional
Officer (CO) at SCC,

        Defendant-Appellee.

No.   16-16123

D.C. No. 2:12-cv-02359-ROS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted October 20, 2017
San Francisco, California

Before: W. FLETCHER and TALLMAN, Circuit Judges, and HOYT,[**] District
Judge.

    Emanuelu Tunoa appeals from a defense verdict following a jury trial on his

42 U.S.C. § 1983 and state-law tort claims against Armondo Perez. Tunoa, an

inmate housed in administrative segregation and serving life in prison for murder

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Kenneth M. Hoyt, United States District Judge for the
Southern District of Texas, sitting by designation.

at the Saguaro Correctional Center in Eloy, Arizona, claims that Perez, a correctional sergeant at the facility, beat him during a cell extraction after his cellmate covered the viewing window in violation of prison regulations. Tunoa argues that the district court violated his right to due process because it was inherently prejudicial to require him to appear in a prison jumpsuit for security reasons while three guards in the courtroom wore their uniforms, and defendant Perez appeared in his prison uniform on the first day of the trial. Tunoa also argues that the district court erred by failing to hold an evidentiary hearing prior to ordering Tunoa to wear prison clothing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a district court's "decision to impose courtroom security measures" for abuse of discretion. *United States v. Shryock*, 342 F.3d 948, 974 (9th Cir. 2003). This standard requires us "to uphold a district court determination that falls within a broad range of permissible conclusions in the absence of an erroneous application of the law." *Grant v. City of Long Beach*, 315 F.3d 1081, 1091 (9th Cir. 2002).

The experienced district judge here did not misapply the law. Courtroom practices only violate due process when they are actually prejudicial or inherently prejudicial. *See Holbrook v. Flynn*, 475 U.S. 560, 572 (1986). Tunoa does not argue that he was actually prejudiced by his prison garb, and prison clothing is not

inherently prejudicial when the clothing tells the jury something it already knows. *Duckett v. Godinez*, 67 F.3d 734, 747 (9th Cir. 1995) ("Prison clothing cannot be considered inherently prejudicial when the jury already knows, based upon other facts, that the defendant has been deprived of his liberty."). Here, the only thing Tunoa's clothing communicated to the jurors was that he was incarcerated— something they would hear repeatedly during the course of the trial. Tunoa's claim arose out of a cell extraction in the administrative-segregation unit of a prison, he was repeatedly referred to during trial as "Inmate Tunoa" (without objection by counsel), and evidence was introduced showing that Tunoa was serving a life sentence for murder. Because it was clear to the jury that Tunoa was incarcerated, it was not inherently prejudicial to require him to wear prison clothing.

The court made an adequate record to explain its ruling and the decision falls within the "range of permissible conclusions" that the trial judge could have reached given the information available to her. The court was informed by Assistant Warden Griego that Tunoa was a flight risk because he would not be eligible for parole for another seventy years, that there was a possibility he could slip out of his ankle shackles (which were hidden from the jury), and that the guards who were traveling with him were not armed while they were in the courtroom. The judge asked sufficient follow-up questions to ensure she understood Griego's concerns that if Tunoa escaped it would be easier for the

3

inmate to blend in with people on the streets, and the court gave Tunoa's counsel an opportunity to respond. She considered the fact that this was a civil trial for prison injuries and that the jury would inevitably learn that Tunoa was incarcerated. After weighing all of these factors, the judge decided Tunoa should appear in prison clothing based on her "understanding . . . of the concern if he were to escape." We cannot reverse under an abuse of discretion standard just because we might have made a different decision. *See Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005).

Finally, the district court was not required to hold a formal evidentiary hearing prior to ordering Tunoa to appear in prison clothing. District courts may make decisions about courtroom security measures without holding evidentiary hearings and hearing sworn testimony; it is enough that the basis for the court's decision is "apparent from the record." *See Duckett*, 67 F.3d at 749 n.7. Here, the basis for the court's decision is abundantly clear from the record. No evidentiary hearing was required.

Costs are awarded to the Appellees.

**AFFIRMED.**